### CASERI v. WOGELSONG.

(Supreme Court, Appellate Term. February 5, 1909.)

1. NEW TRIAL (§ 102*)—NEWLY DISCOVERED EVIDENCE—DILIGENCE.

Defendant's motion for new trial of an action for the conversion of plaintiff's effects while a hotel guest, on the ground of newly discovered evidence that defendant's wife was the proprietress of the hotel at the time, was improperly sustained, since the ground alleged was either false or defendant was inexcusably negligent in presenting such defense at the trial.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. § 212; Dec. Dig. § 102.*]

2. NEW TRIAL (§ 150*)—NEWLY DISCOVERED EVIDENCE.

Where the affidavit of a party in support of a motion for new trial for newly discovered evidence is inconsistent with his testimony on the trial, and is improbable in several respects, and is not corroborated in a material respect by the affidavits of the newly discovered witnesses, and, if the newly discovered witnesses were present at the time, such party knew it, and it is highly improbable that they should have heard nothing further about the matter or to have failed to communicate to him, a new trial was improperly granted.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 306–310; Dec. Dig. § 150.*]

3. COURTS (§ 190*)—MUNICIPAL COURT—APPEALABLE ORDERS.

Under the express provisions of the Municipal Court Act (Laws 1902, p. 1563, c. 580) § 255, an order granting a new trial for newly discovered evidence is appealable.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 190.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Domenico Caseri against August Wogelsong. Judgment for plaintiff, and, from an order granting a new trial and vacating an order of arrest, and releasing the sureties on the bail bond, and from another order denying a motion to resettle such order, plaintiff appeals. Reversed, and motion denied.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and SEABURY, JJ.

Joseph Nicchia, for appellant.
Nathan Greenbaum, for respondent.

GIEGERICH, J. The motion for a new trial, which was granted by the order now under review, was based upon the ground of newly discovered evidence. The action was brought to recover damages for the conversion of certain personal effects which the plaintiff claimed to have deposited with the defendant while a guest at the hotel of the latter in Coney Island. The action was commenced on September 8, 1908, and a trial was had on the 6th day of October following. The conversion was alleged to have occurred on July 13, 1908. At the trial the plaintiff testified that he went to the hotel on July 12, 1908, and rented a room; that later in the day he left his "goods" with the defendant, while he took a bath, and, on returning from his bath, called for them and they were given back to him; that on the following morning he made a similar deposit of his effects, and, on returning to claim them, the defendant was unable to find them, and said the bartender must have them; that they tried to find the bartender, but he had disappeared, and did not come back. The defendant testified in his own behalf at the trial. The substance of his testimony was that the plaintiff had hired a room from him on a Sunday, and later went out; that the next morning his bartender asked to get off for a couple of hours, as he was not feeling well and wanted to lie down, and he let him go; that later the plaintiff came to him and asked for a package which he said he had left with the bartender; that he looked around for the package, but could not find it, and then tried to find the bartender whom he supposed to be asleep upstairs, but found missing. Upon this case the plaintiff had judgment.

The motion for a new trial is based upon the affidavits of the defendant and of two witnesses claimed to have been discovered since the trial. The affidavit of the defendant alleges that his wife keeps the hotel in question, and has done so since October 1, 1906; that on or about July 13, 1908, the plaintiff engaged the room at the hotel; that defendant knew nothing whatever of any package when plaintiff engaged the room; that that very evening the bartender left, presumably to return the next morning; that the next morning the plaintiff came and asked for the package, and defendant told him he knew nothing about it; that he looked for it, but could not find it, and asked the plaintiff to wait, and he would talk to his bartender about it when he returned; that plaintiff agreed to do so, saying it did not

matter much as it was a package that was not very valuable; and that the bartender never returned.

The affidavit of Gus Anderson states that the deponent has resided at the hotel in question, which he says belongs to the defendant, since about December 15, 1906; that he was present on the 13th day of July, 1908, when the plaintiff came to the hotel; that the plaintiff left a small package with the bartender, asking him to put it behind the bar for him; that the bartender asked the plaintiff whether it was a valuable package, and he said it was only worth a couple of dollars; that the bartender took the package and put it behind the bar, and the plaintiff then engaged a room. This affidavit further alleges that the deponent was also present the next day when the plaintiff called and asked the defendant for his package, and the affiant relates that occurrence as it is set out in the affidavit of the defendant. The other affidavit is made by Christian Nebendahl, who states that he was a guest at the hotel during the summers of 1901 and 1908, but does not disclose his present whereabouts. The affiant states further that he has read the affidavit of Anderson, that he was present at all the conversations therein related, and that Anderson's affidavit is true. The affidavits of both these witnesses state that they did not sooner inform the defendant of what they knew, because they did not know anything of the action which had been brought against him until about October 13, 1908, when they heard the defendant's wife talking about it. The defendant's excuse for not producing these witnesses at the trial is that he first learned that they had knowledge of the facts on October 13, 1908.

I am of the opinion that a new trial was improperly granted in this case, and that the order ought to be reversed. The affidavit of the defendant submitted on the motion is inconsistent with his testimony on the trial, and is in itself improbable in several respects. If, as he now says, his wife was the proprietress of the hotel at the time in question, such fact would have been a complete defense at the trial. Either the affidavit is false, or the defendant inexcusably neglected to present his defense at the trial, which would be a sufficient reason for denying him a new trial. At the trial the defendant testified that his bartender asked to get off for a couple of hours on the morning following the plaintiff's arrival at the hotel on the plea that he was not well, and wanted to lie down, and that later, when the package was found to be missing, the defendant went upstairs to look for the bartender whom he supposed to be asleep there. But in his affidavit upon this motion the defendant says that his bartender left on the very evening of the plaintiff's arrival, presumably, as he says, to return the next morning, but that he never returned. The two statements are absolutely inconsistent and the facts were quite material. The statement in the defendant's affidavit that the plaintiff depreciated the value of his own property after its loss was discovered by saying that it did not matter much, as the package was not very valuable, is highly improbable. It was not testified to at the trial, and is not corroborated by the affidavits of the newly discovered witnesses who state that they were present at the time. Only less improbable is their statement that the plaintiff, when he deposited the package, said that

it was only worth a couple of dollars. If the newly discovered witnesses were in fact present at the time when the package was demanded of the defendant, the latter knew the fact, and it is highly improbable that they should have heard nothing further about the matter until three months later, or that they should have failed· to ·communicate to the defendant the fact that the plaintiff had stated, when he deposited the package, that it was only worth a couple of dollars. I am satisfied after a careful examination of the stenographer's minutes of the trial and of the affidavits that the latter were not worthy of credence, and that they did not make out a case for a new trial, even if they were credited.

The respondent's contention that the order is not appealable is answered by the express provision to the contrary contained in section 255 of the Municipal Court Act (Laws 1902, p. 1563, c. 580).

The order granting a new trial, vacating the order of arrest, and releasing the sureties on the bail bond, should, therefore, be in all respects reversed, with costs and disbursements of this appeal, and the motion should be denied. All concur. ·